# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JESSIE L. PAIGE,<br>Petitioner, | Civil Action No. 1:09-cv-392 |
| vs. | Beckwith, J.<br>Hogan, M.J. |
| WARDEN, MANSFIELD CORRECTIONAL<br>INSTITUTION,<br>Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, a state prisoner, brings this case pro se seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 1) and respondent's motion to dismiss. (Doc. 12).

## I. PROCEDURAL HISTORY

### State Court Trial Proceedings

On August 10, 1998, petitioner was found guilty by a jury of one count of kidnapping, one count of felonious assault, and one count of domestic violence. (Doc. 12, Exh. 2). Petitioner was sentenced to consecutive terms of eight years incarceration for kidnapping, six years incarceration for felonious assault, and one year incarceration for domestic violence for a total of 15 years imprisonment. (Doc. 12, Exh. 3).

### Direct Appeal

Petitioner, through new counsel, filed a timely appeal to the First District Court of Appeals, Hamilton County, Ohio. (Doc. 12, Exhs. 4, 5). The Ohio Court of Appeals affirmed the judgment of the trial court on June 23, 1999 (Doc. 12, Exh. 7), and petitioner did not appeal to the Ohio Supreme Court.

**Application to Reopen Direct Appeal**

Six years later, on June 27, 2005, petitioner filed a pro se delayed application for reopening under Ohio App. Rule 26(B) alleging the ineffective assistance of appellate counsel. (Doc. 12, Exh. 8, 9). The Ohio Court of Appeals overruled the motion as petitioner failed to provide sufficient reasons for his failure to timely file his motion to reopen his appeal. (Doc. 12, Exh. 11). Petitioner did not perfect a timely appeal to the Ohio Supreme Court.

**Post-Conviction Motion**

On August 30, 2005, petitioner filed a pro se "Application for Reconsideration of Judgment Vacate, and/or Relief from Judgment, pursuant to Criminal Rule 57." (Doc. 12, Exh. 12). The trial court dismissed the motion as untimely on May 19, 2006. (Doc. 12, Exh. 15).

**Second Application to Reopen Direct Appeal**

On September 13, 2007, petitioner filed a second application for delayed reopening of his appeal in the Ohio Court of Appeals. (Doc. 12, Exh. 17). The Court of Appeals dismissed the application as untimely on October 17, 2007. (Doc. 12, Exh. 18).

Petitioner filed a timely appeal to the Supreme Court of Ohio, which dismissed the appeal as not involving any substantial constitutional question. (Doc. 12, Exhs. 19-21).

**Motion for Judicial Release**

On November 25, 2008, petitioner filed a motion for judicial release in the Hamilton County Court of Common Pleas. (Doc. 12, Exh. 22). As of the date of respondent's filing of the motion to dismiss, there had been no ruling on the motion.

**Federal Habeas Corpus**

On March 26, 2009, petitioner filed a petition for a writ of habeas corpus in this Court

setting forth one ground for relief:

> **GROUND ONE:** Petitioner was denied effective assistance of appellate counsel in violation of his 6th and 14th Amendment rights.
>
> **Supporting Facts:** Petitioner contends that in light of new rulings his sentence is illegal and must be vacated. Any competent appellate attorney should have raised this issue on appeal. After a jury trial, petitioner was found guilty as charged and sentenced to 8 years on Count 1, 6 years on Count 2 and 1 year on Count 3, all to run consecutive to each other, which gave the petitioner an aggregated term of 15 years. In Ohio, at that time when the petitioner was sentenced, the minimum sentence he could receive was three years if all the charges would have run concurrently rather than consecutively, in light of the recent court ruling. And since the petitioner was sentenced to more than the minimum sentence, a jury not the trial court should have decided the petitioner's sentence.

(Doc. 1).

## II. THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.

Ground One of the petition asserts that petitioner was denied the effective assistance of appellate counsel when counsel failed to challenge petitioner's consecutive, non-minimum sentences as violating the Sixth and Fourteenth Amendments. Petitioner contends that "in light of new rulings" his sentence is illegal and must be vacated. (Doc. 2 at 6). The "new rulings" to which petitioner refers are the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004),[1] and the Ohio

---

[1] In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Supreme Court in *Blakely* reaffirmed the holding in *Apprendi*, but clarified:

> [T]he "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," . . . and the judge exceeds his proper authority.

3

Supreme Court's decision in *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006).[2] (*See* Doc. 12, Exhs. 16, 17, 20 and petitioner's arguments contained therein).

Respondent argues that Ground One of the petition is barred by the statute of limitations applicable to habeas corpus proceedings.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

As an initial matter, the Court must first determine the appropriate limitations provision

---

542 U.S. at 303-304 (internal citations omitted) (emphasis in the original).

[2]In *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), the Ohio Supreme Court declared several provisions of Ohio's sentencing statute unconstitutional under *Apprendi* and *Blakely*.

4

contained in 28 U.S.C. § 2244(d)(1) that applies to petitioner's first ground for relief. Respondent argues that the claim raised in Ground One arose at the time petitioner was sentenced. Since petitioner was aware of the facts underlying his claim by the close of the state trial court proceedings and before the conclusion of the direct review proceedings, respondent argues petitioner's first ground for relief is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review." Under § 2244(d)(1)(A), petitioner's conviction became "final" on August 9, 1999, upon expiration of the 45-day period for filing an appeal with the Ohio Supreme Court from the Ohio Court of Appeals' June 23, 1999 decision. (Doc. 12, Exh. 7).[3] Therefore, the statute of limitations commenced running the following day on August 10, 1999, and expired one year later on August 10, 2000, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles. Respondent asserts that since the statute of limitations had already expired prior to the filing of petitioner's Rule 26(B) applications, post-conviction motion, and motion for judicial release, there was no limitations period left to toll and his petition is untimely.

The Court must also consider whether Section 2244(d)(1)(C) serves to delay the commencement of the statute of limitations in this case. Under § 2244(d)(1)(C), the statute of

---

[3] Under Ohio law, petitioner had forty-five day to file an appeal to the Supreme Court of Ohio from the date of decision of the Ohio Court of Appeals. *See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio. Since the forty-fifth day was a Saturday, petitioner had until the following Monday, August 9, 1999 to file his appeal to the Ohio Supreme Court. *See* S.Ct. Prac. R. XIV, Sec. 3(A).

5

limitations commences the "date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner was sentenced in August 1998 and his appeal was denied in June 1999, well before the United States Supreme Court handed down *Blakely* on June 24, 2004. It is settled in the Sixth Circuit that *Blakely* does not apply retroactively to cases on collateral review where the conviction in question became final prior to the date of the *Blakely* decision. *See Humphress v. U.S.*, 398 F.3d 855, 860 (6th Cir. 2005), *cert. denied*, 546 U.S. 885 (2005) (*United States v. Booker*, 543 U.S. 220 (2005), which extends the reasoning of *Blakely* to the federal sentencing guidelines, is not retroactive). *See also Valentine v. U.S.*, 488 F.3d 325, 329-31 (6th Cir. 2007); *Spiridigliozzi v. U.S.*, 117 Fed. Appx. 385, 394 (6th Cir. 2004); *Taylor v. Warden*, No. 1:07-cv-860, 2009 WL 335278, at *3 (S.D. Ohio Feb. 10, 2009) (Spiegel, J.); *cf. Allen v. Moore*, 1:05-cv-731, 2007 WL 651248, at *4 & n. 1 (S.D. Ohio Feb. 23, 2007) (Barrett, J.) (noting that *Blakely* applied in a case where the petitioner was sentenced pre-*Blakely*, but his direct appeal was still pending on the date *Blakely* was decided).[4] Petitioner's conviction became final on August 9, 1999, nearly five years before *Blakely* was decided. Therefore, *Blakely* does not apply retroactively to petitioner's case and the statute of limitations set forth in Section 2244(d)(1)(C) cannot apply to this habeas petition. *See Jones v. Moore*, No. 2:07-cv-941, 2007 WL 2782730, at *2 (S.D. Ohio Sept. 24, 2007) (Report & Recommendation) (King, M.J.) (and cases cited therein), *adopted*, 2007 WL 4460989 (S.D.

---

[4]The Supreme Court has stated: "State convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely petition has been finally denied.'" *Beard v. Banks*, 542 U.S. 406, 411 (2004) (in turn quoting *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994)); *see also Allen v. Moore*, 1:05-cv-731, 2007 WL 651248, at *4 n.1 (S.D. Ohio Feb. 23, 2007).

6

Ohio Dec. 14, 2007) (Marbley, J.).

Nor may petitioner rely upon the Ohio Supreme Court's decision in *Foster* to delay the limitations period under § 2244(d)(1)(C). *Foster* was not decided by the United States Supreme Court, a prerequisite for the application of the limitations provision set forth in § 2244(d)(1)(C). In any event, the Ohio Supreme Court in *Foster* expressly stated that its decision extended only to cases still pending on direct review. *Foster,* 845 N.E.2d at 499. Because petitioner's direct appeal had been denied five years earlier, petitioner is unable to prevail on any claim that *Foster* may be applied retroactively to his case to take advantage of the limitations period in § 2244(d)(1)(C). *See Williams v. Brunsman,* No. 1:08-cv-136, 2009 WL 816265 (S.D. Ohio March 26, 2009)(Spiegel, J.; Hogan, M.J.).

The Court concludes that Ground One of the petition is governed by the limitations provision set forth in § 2244(d)(1)(A), which provides that the one-year statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review. In this case, the statute of limitations commenced running on August 10, 1999, one day after the 45-day period expired in which to file a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' June 23, 1999 direct appeal decision, *see* Fed. R. Civ. P. 6(a); *Bronaugh,* 235 F.3d at 285, and expired one year later on August 10, 2000. The petition was filed in this federal court on March 26, 2009, nearly nine years too late. Therefore, the petition is untimely.

No statutory or equitable tolling principles apply to extend the limitations period in this case. Petitioner's motions to reopen the direct appeal under Rule 26(B), for post-conviction relief, and for judicial release were filed in 2005, 2007, and 2008, well after the statute of

limitations expired. A timely filed state post-conviction matter cannot serve to toll a statute of limitations which had already expired before the motion was filed. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not . . . 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted). Since the AEDPA's one-year period had expired well before petitioner filed his motions, there was no time left to toll and the AEDPA's tolling provision does apply.

Although the statute of limitations may be equitably tolled in limited circumstances, *Allens v. Yukins*, 366 F.3d 396 (6th Cir.), *cert. denied*, 543 U.S. 865 (2004), petitioner is not entitled to equitable tolling in this matter. Before equitable tolling is appropriate, petitioner must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and quotation marks omitted). Equitable tolling decisions are made on a case-by-case basis. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005).

In *Souter*, the Sixth Circuit held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." 395 F.3d at 599 (following *Schlup v. Delo*, 513 U.S. 298 (1998)). The *Souter* Court held that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter*, 395 F.3d at 602. *Souter* does not apply to equitably toll the statute of limitations in this case

8

because petitioner challenges only his sentence on habeas review and not validity of his conviction.

If petitioner fails to establish actual innocence under the standard enunciated in *Souter*, the Court examines the five factors outlined in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), *cert. denied*, 122 S.Ct. 649 (2001), to determine whether equitable tolling of the limitations period is appropriate. *See, e.g., Craig v. White*, 227 Fed. Appx. 480 (6th Cir. 2007); *Harvey v. Jones*, 179 Fed. Appx. 294 (6th Cir. 2006). In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap*, 250 F.3d at 1009; *Andrews*, 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Equitable tolling is not appropriate under the *Dunlap* factors. Petitioner has made no attempt to apply the five *Dunlap* factors to this case. Moreover, there is no evidence in the record that even remotely suggests petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights. Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Accordingly, the undersigned concludes that under the applicable one-year statute of

9

limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 12) be **GRANTED** and the petition be **DISMISSED** with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the petition, which this Court has concluded is barred by the statute of limitations, because under the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[5]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/8/10

Timothy S. Hogan
United States Magistrate Judge

---

[5] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. *See Slack*, 529 U.S. at 484.

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JESSIE L. PAIGE,
Petitioner,

vs.

WARDEN, MANSFIELD CORRECTIONAL
INSTITUTION,
Respondent.

Civil Action No. 1:09-cv-392

Beckwith, J.
Hogan, M.J.

**NOTICE**

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation **within FOURTEEN DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s) Any response by an opposing party to the written objections shall be filed **within FOURTEEN DAYS** after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Jessie L. Paige #363-129<br>Mansfield Corr Inst<br>PO Box 788<br>Mansfield, OH 44901 | D. Is delivery address different from item 1? ☐ Yes ☐ No<br>If YES, enter delivery address below:<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label)    7002 3150 0000 8388 3813 | |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:09cv392 (Doc. 14)